TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00361-CR


NO. 03-97-00362-CR






Monica S. Downs, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF LAMPASAS COUNTY, 27TH JUDICIAL DISTRICT


NOS. 6205 & 6206, HONORABLE C. W. DUNCAN, JUDGE PRESIDING 







 After finding that Monica S. Downs violated several conditions of her deferred adjudication
probation, the trial court revoked her probation and adjudicated her guilty of injury to a child and
aggravated assault. (1) The court assessed punishment at two years in prison for each offense. Though
Downs filed a motion for new trial and notice of appeal, her appointed counsel has filed an Anders brief
in which he states that he has found no merit in her appeal. See Anders v. California, 386 U.S. 738
(1967); High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978). Downs has not filed her own brief. 
We agree that the appeal has no merit and will affirm the trial-court judgment.

 This Court previously considered Downs's challenge to the voluntariness of her 1993 no-contest plea to the indictments for aggravated assault and injury to a child. Downs v. State, Nos. 3-93-00634-CR & 03-94-00034-CR (Tex. App.--Austin, June 29, 1994, pet. ref'd) (not designated for
publication). After considering stipulated evidence, the district court found the evidence substantiated her
guilt, deferred adjudication of guilt, and placed her on probation for seven years. This Court found there
was controverted evidence regarding whether she had so misunderstood her plea agreement that her plea
was involuntary. Accordingly, we held the trial court did not abuse its discretion in denying her motion for
new trial.

 After over a year on probation, Downs received a travel permit allowing her to travel to
Ohio. She left in January 1995. The permit required her to return to Lampasas County by March 9, 1995. 
She reported to an Ohio probation officer until March 1995, and then communicated by mail with the
Texas probation office for a few weeks, then stopped. 

 Downs testified regarding the alleged probation violations. She admitted not attending the
required Lifeskills class. She said the travel pass she received was not filled out with a March 9 return
date. She thought she was on probation for seven months, not seven years. She also testified that she
missed payments because she was overwhelmed by medical bills for her grandmother and children; she also
testified that her ex-husband was far behind on his child-support payments. She alleged she made some
of the payments required by her probation. She also claimed she took the necessary HIV/AIDS tests. She
described her self-improvement efforts, including working seventy hours a week, earning a nursing
certificate, and signing up for the Naval Reserves. She had not been able to retrieve from Ohio the
documentary proof for some of her allegations because she had been incarcerated, her children were in
foster care, and illnesses prevented her mother and grandmother from finding the documents. She believed
that her children would be put up for adoption if she was incarcerated.

 After the hearing on the motion to revoke and to adjudicate, the trial court found that
Downs violated conditions of her probation. In the injury-to-a-child case, the court found she failed to
report weekly to the probation officer (November 1995-March 1997), to reside in Lampasas County, to
stay in Texas (she was living in Ohio), and to undergo an HIV/AIDS test. In the aggravated assault case,
the court found all those violations plus others. It found she failed to attend a Lifeskills class and failed to
pay her class fee, restitution to the victim, a supervision administration fee, and her fine. The court
adjudicated her guilty and sentenced her to two years in prison on each case.

 Downs pled true to at least one alleged probation violation. No appeal may be taken from
the decision to adjudicate. Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (West Supp. 1998). The
punishment does not exceed the allowable range. See Tex. Penal Code Ann. § 12.33 (West 1994)
(punishment range for second-degree felony is two to twenty years in prison); see also Tex. Penal Code
Ann. §§ 22.02 & 22.04 (West 1994) (defining aggravated assault and injury to a child as second-degree
felonies).

 Downs's attorney stated that, after reviewing the record, he found no valid grounds for
appeal. On January 8, 1998, her attorney notified her of his conclusion, mailed her a copy of his brief, and
notified her of her right to file her own brief. She has not filed a brief.


 We conclude that Downs's attorney correctly concluded that Downs has no valid grounds
on which to base an appeal. We affirm the trial-court judgment.



 

 Mack Kidd, Justice


Before Justices Powers, Kidd and B. A. Smith

Affirmed

Filed: July 2, 1998

Do Not Publish
1. Appellant testified that after her divorce she reverted to her previous last name of Foley. Because
the trial court never adopted that change, we will also refer to her by the name used in the proceedings
below.



new trial and notice of appeal, her appointed counsel has filed an Anders brief
in which he states that he has found no merit in her appeal. See Anders v. California, 386 U.S. 738
(1967); High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978). Downs has not filed her own brief. 
We agree that the appeal has no merit and will affirm the trial-court judgment.

 This Court previously considered Downs's challenge to the voluntariness of her 1993 no-contest plea to the indictments for aggravated assault and injury to a child. Downs v. State, Nos. 3-93-00634-CR & 03-94-00034-CR (Tex. App.--Austin, June 29, 1994, pet. ref'd) (not designated for
publication). After considering stipulated evidence, the district court found the evidence substantiated her
guilt, deferred adjudication of guilt, and placed her on probation for seven years. This Court found there
was controverted evidence regarding whether she had so misunderstood her plea agreement that her plea
was involuntary. Accordingly, we held the trial court did not abuse its discretion in denying her motion for
new trial.

 After over a year on probation, Downs received a travel permit allowing her to travel to
Ohio. She left in January 1995. The permit required her to return to Lampasas County by March 9, 1995. 
She reported to an Ohio probation officer until March 1995, and then communicated by mail with the
Texas probation office for a few weeks, then stopped. 

 Downs testified regarding the alleged probation violations. She admitted not attending the
required Lifeskills class. She said the travel pass she received was not filled out with a March 9 return
date. She thought she was on probation for seven months, not seven years. She also testified that she
missed payments because she was overwhelmed by medical bills for her grandmother and children; she also
testified that her ex-husband was far behind on his child-support payments. She alleged she made some
of the payments required by her probation. She also claimed she took the necessary HIV/AIDS tests. She
described her self-improvement efforts, including working seventy hours a week, earning a nursing
certificate, and signing up for the Naval Reserves. She had not been able to retrieve from Ohio the
documentary proof for some of her allegations because she had been incarcerated, her children were in
foster care, and illnesses prevented her mother and grandmother from finding the documents. She believed
that her children would be put up for adoption if she was incarcerated.

 After the hearing on the motion to revoke and to adjudicate, the trial court found that
Downs violated conditions of her probation. In the injury-to-a-child case, the court found she failed to
report weekly to the probation officer (November 1995-March 1997), to reside in Lampasas County, to
stay in Texas (she was living in Ohio), and to undergo an HIV/AIDS test. In the aggravated assault case,
the court found all those violations plus others. It found she failed to attend a Lifeskills class and failed to
pay her class fee, restitution to the victim, a supervision administrati